**In re LYKES BROS. STEAMSHIP CO., INC., Debtor.**

**Bankruptcy No. 95–10453–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 12, 1995.

## ORDER ON EMERGENCY MOTION FOR DETERMINATION OF APPLICATION OF § 362 STAY OR, IN THE ALTERNATIVE, FOR EXTENSION OF STAY

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 reorganization case and the matter under consideration is presented to this Court, *ex parte*, by Lykes Brothers Steamship Company, Inc., (Debtor). The Debtor in its motion seeks a determination of the application of § 362 stay, or in the alternative, for extension of stay.

The Court, having heard argument of counsel for the Debtor and comments of the United States Trustee, and having considered the Petition which initiated this Chapter 11 case and the motion with its supporting affidavit, finds that the Debtor is an operator of a merchant fleet whose operation extends worldwide and consists of the transportation of cargo by plying the high seas and currently operates in 3 continents and many foreign countries. Notwithstanding, it is clear that by virtue of § 1334(e) of the Bankruptcy Code, this Court has jurisdiction over the Debtor's properties wherever located and they are *in custodia legis* of this Court. Therefore, the property is entitled to protection, to assure that the Debtor's right to use the property is not in any way disturbed or impaired. Moreover, it appears that several of the Debtor's creditors may transfer their claims to foreign entities who are not subject to personal jurisdiction of this Court and may interfere with the Debtor's right to use its property with impunity. For the reasons stated, this Court is satisfied that unless this Court enters an appropriate order to protect the property of the estate, including leased or owned vessels, the cargo carried by the vessels, and any other tangible or intangible property wherever located, the estate might suffer irreparable harm. In addition, this Court is also satisfied that it is absolutely essential to the continued effective operation of the Debtor's business that the Debtor is able to collect all of its accounts receivable.

Based on the foregoing, this Court is satisfied that pursuant to § 105 of the Bankruptcy Code it is appropriate, based on the *in rem* jurisdiction of this Court over the properties of the Debtor to grant the motion, while giving any parties adversely affected by the entry of this order an opportunity to seek relief from this Court.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the motion be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED

(1) that any and all entities are prohibited from undertaking any steps prohibited by § 362(a) of the Bankruptcy Code, specifically including the institution or continuation of any legal process to fix or to enforce a maritime lien against any property of the estate, including vessels and containers owned or leased by the Debtor, wherever located;

(2) that all creditors which are subject to the personal jurisdiction of this Court, whether citizens of the United States or foreign entities which have property in the United States, which maintain an office or do business in the United States, are prohibited from transferring absolutely or conditionally any claims they might have to foreign entities which are not subject to the personal jurisdiction of this Court, unless such entity consents in writing to this Court's personal jurisdiction and acknowledges receipt of this Order. It is further

ORDERED, ADJUDGED AND DE-CREED that all entities owing monies to the Debtor are hereby authorized to pay such amounts to the Debtor and upon payment to be discharged of the obligation for which payment was tendered as provided by § 542(b) of the Bankruptcy Code. To the extent that such accounts receivable constitute cash collateral within the meaning of § 363 of the Bankruptcy Code, the Debtor shall use such cash collateral only in accordance with this Court's order authorizing such use. It is further

ORDERED, ADJUDGED AND DE-CREED that each entity subject to this order shall cause its employees and agents and all persons controlled by it to comply with the provisions of this order with respect to any claim against the Debtor. It is further

ORDERED, ADJUDGED AND DE-CREED that it shall be the Debtor's obligation to cause the service of a copy of this Order, in the most expeditious manner, to all creditors and, in addition, to cause the posting of a copy of this order on all vessels in operation, either leased or owned by the Debtor. It is further

ORDERED, ADJUDGED AND DE-CREED that any party aggrieved by the terms of this order may seek relief forthwith (if justified, on an emergency basis) by filing with this Court, an appropriate motion, which shall be served on the Debtor, the counsel of record for the Debtor, the Office of the United States Trustee, and any counsel appointed for the Creditors' Committee, and by seeking a hearing, if such party is deemed to be so advised.

DONE AND ORDERED.